### STATE v. JAMES NEEDHAM.

*Indictment--Larceny--Evidence--Confessions.*

On a trial for larceny, the Court below ruled out certain confessions of the defendant offered in evidence by the State, which had been made on the preliminary trial before a Justice of the Peace, because the defendant had not been put on his guard as required by law ; the State then offered in evidence certain other confessions made voluntarily by the defendant shortly after the trial before the Justice without the offering of inducements or threats, which evidence the Court below admitted ; *Held,* not to be error.

(*State* v. *Gregory,* 5 Jones 315 ; *State* v. *Scates,* Ibid. 420 ; *State* v. *Jefferson,* 6 Ire. 305, cited and approved.)

INDICTMENT for Larceny, tried at Fall Term, 1877, of RANDOLPH Superior Court, before *Buxton, J.*

The defendant was charged with stealing a horse, and upon the trial His Honor admitted evidence of confessions made by the defendant under the circumstances embodied in the opinion of this Court delivered by THE CHIEF JUSTICE. Verdict of Guilty. Judgment. Appeal by defendant.

*Attorney General,* for the State.
No counsel for the defendant.

SMITH, C. J. The indictment against the prisoner contains two counts,—one charging the larceny of a horse, the other, the felonious receiving. The jury rendered a verdict of guilty of larceny.

The only point made on the trial and on the record presented for review is as to the admissibility of certain confessions of the prisoner allowed to be proved before the jury. It appears that on the preliminary examination before the Justice of the Peace, the prisoner was asked if he

was guilty of the charge, and in reply, he made statements tending to criminate himself. These statements on objection of prisoner's counsel were excluded by the Court, upon the ground that he had not been instructed and put on his guard as required by law. Bat. Rev. ch. 33 §§ 22, 23. A witness present at the examination testified that he heard no inducements held out to the prisoner to confess. Another witness testified to two interviews with the prisoner,—one, on Sunday night after the examination, and the other, at his (prisoner's) request on Monday morning following; at both of which, certain confessions were made which the State proposed to prove. The witness swore that no inducements were offered, nor threats made, and that the prisoner made the confessions freely and of his own accord. The evidence was objected to, upon the ground that the prisoner had already implicated himself before the Justice, and it was to be presumed that the same influence which prompted the confession there made and ruled out by the Court, continued to operate on his mind; and that to render the evidence competent, it must be shown that he had been previously informed that the statements he had made before the Justice could not be used against him, and the influence that induced them, thus removed.

The Court ruled that the declarations made before the Justice were incompetent, not because they were not voluntary, but that they had been received in disregard of the requirements of the statute; and allowed the confessions made to the witness to be given in evidence to the jury. To this, the prisoner excepts; and the sole question before us is as to the admission of the evidence.

The Court is of opinion that the evidence was properly received. The confession was proved to be voluntary, and made without the exercise of any influence appealing either to the hopes or fears of the prisoner. This is not a case falling under the rule, that a confession shown to have pro-

ceeded from an improper influence is not only itself incompetent, but all subsequent confessions which are presumed to flow from the same source are equally so; and these will not be received until it is made to appear that the vitiating influence has ceased to act upon the prisoner's mind. *State v. Gregory*, 5 Jones 315; *State* v. *Scates*, Ibid, 420. Here, there is no evidence of the exercise of undue influence over the prisoner at any time to induce him to confess, and the statement to the Justice was not rejected on that ground, but because the provisions of the statute were not observed. "A free and voluntary confession," said EYRE, J., "is deserving of the highest credit, because it is presumed to flow from the strongest sense of guilt." 1 Greenl. Ev. § 219. And even if the confession is made by one in custody, it being his own unbiased act may be proved. *State* v. *Jefferson*, 6 Ire. 305. The Court acted right in admitting the evidence.

No error.

PER CURIAM. Judgment affirmed.