(No. 2595.   Dec. 3, 1921.)

## STATE V. CHAVES.

### SYLLABUS BY THE COURT.

(1)   Evidence considered, and held to prove the corpus deliciti independent of a confession.        P. 506

(2)   If a confession has been made under circumstances rendering it involuntary, a presumption exists that a second

confession is the result of the prior influence. The circumstances of this case show that this presumption was sufficiently rebutted.                                                   P. 508

(3)   It is not error to refuse a requested instruction which is merely cumulative.                                             P. 509

(4)   A requested instruction which incorrectly states the law is properly refused.                                            P. 509

Appeal from District Court, Sandoval County; Holloman, Judge.

. Luis Chaves was convicted of murder in the second degree, and he appeals.   Affirmed.

Thos. K. D. Maddison and Simms & Botts, all of Albuquerque, for appellant.

Harry S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT.

DAVIS, J.   On July 17, 1918, Pat Smith was manager of a store at Seda To in Sandoval county.   On that day he was killed, and the store building burned to the ground.   The first witnesses to reach the scene arrived at about 1 o'clock the following morning.   The fire was still burning.   In the ruins of the building they found the body of Pat Smith, badly burned.   His skull was crushed as though from a blow with a blunt instrument, the wound being about two and a half inches in diameter, and evidently sufficient to cause his death.   An inquiry was commenced among Navajo Indians living in the vicinity and two of them, one being Luis Chaves, appellant here, were arrested.   They were interrogated at length and finally both confessed to the killing of Smith and the burning of the store, going into details as to the manner in which both crimes were committed.   Some days later, on a preliminary examination before a justice of the peace at which they were accused of the murder of Smith, they

again admitted the crime. Both were later indicted for murder, but only Luis Chaves was tried. He was convicted of murder in the second degree, and appeals.

[1] Counsel for appellant argue that there was no sufficient proof of the corpus delicti, that his confession was improperly admitted, and that certain requested instructions were erroneously refused.

Upon the first point appellant contends that, excluding the confession from consideration, there is no sufficient proof of the corpus delicti. It is trite to observe that in every criminal prosecution the first step must be to prove that the crime charged has been committed by some one. This proof may or may not primarily connect the defendant with the offense. In homicide cases it must be shown that the person whose death is alleged in the indictment is in fact dead, and that his death was criminally caused. If these facts are shown the corpus delicti is sufficiently proven. And this need not be proved by testimony of eye-witnesses. Circumstances may demonstrate it. State v. Sakariason, 21 N. M. 207, 211, 153 Pac. 1034. The proof in this case unquestionably proved the death. The body was found and fully identified. And the fact that death was criminally caused was likewise shown. The body was found in a room occupied by Smith on the ground floor of a three-room store building destroyed by fire. There was a wound on the head sufficient to cause death. There is nothing to indicate suicide or accident. The conclusion that he met death at the hands of some human being who is criminally responsible for it is irresistble. Counsel for appellant suggest that the wound might have been caused by the falling of a stone from a wall of the building, but the facts controvert this theory, first, because negatived by the character of the wound, and, second, because there was

evidence that the walls were still standing when the body was found. There was sufficient proof of the corpus delicti without reference to the confession, and it is unnecessary to determine whether or not the confession might have been considered in aid of it.

The admission of the confession is claimed as error. There were two confessions, one made to the Indian agent and others at Crown Point, and the other before the justice of the peace at Bernalillo. The court inquired as to the voluntary character of each of these confessions to determine its admissibility. It concluded that the first was the result of urging and promises by the Indian agent, and therefore excluded it, but the second was held voluntary, and admitted. The second confession was made some 12 days after the first one at Crown Point upon the preliminary examination of appellant upon the charge of murder. Appellant then stated, in effect, that he went to the store where Smith was employed to buy a pair of overalls, which Smith refused to sell to him. Appellant and the Indian with him were drunk. Smith was sitting in a chair, and appellant struck him on the head with the butt of a pistol. He fell from the chair, and appellant himself, or the other Indian took the chair and "finished him up with it." Then they went to an oil house near the store, soaked some burlap with oil, threw it into the store, and, while appellant did not expressly state that they set fire to it, the connection between these acts and the fire is obvious. The trial court held that, while there was a presumption that this confession was involuntary, this presumption was removed by the evidence presented by the state. The admission of this confession is assigned as error, and counsel for appellant contend that, since the first was held involuntary because induced by the promises of the Indian agent, it must be presumed that the influence continued and the

second was of the same character. The action of the court in excluding the first confession is not before us for review, and for the purposes of this case we will assume that the ruling was correct.

[2] The general rule is that, if a confession has been made under circumstances rendering it involuntary, a presumption exists that a second confession is the result of the prior influence, and this must be overcome before the second becomes admissible. The trial court, following this rule, investigated the circumstances and determined that this presumption of a continuing influence was outweighed by the contrary proof. In State v. Ascarate, 21 N. M. 191, 153 Pac. 1036, and again in State v. Orfanakis, 22 N. M. 107, 159 Pac. 674, this court held that the admissibility of a confession must depend upon the facts and circumstances of the particular case, precedent being of little practical assistance.

The second confession was made 12 days after the first. The Indian agent who obtained the first was not then present, and there is authority to the effect that the presumption of involuntary character does not rise if the second confession is made to a person other than the one who induced the first. Com. v. Cuffee, 108 Mass. 285; State v. Middleton, 69 S. C. 72, 48 S. E. 35; State v. Guild, 10 N. J. Law, 163, 18 Am. Dec. 404; State v. Howard, 17 N. H. 171; State v. Needham, 78 N. C. 474; State v. Willis, 71 Conn. 293, 313, 41 Atl. 820. The confession admitted was made in the course of a judicial investigation. The justice of the peace warned appellant that he was not compelled to testify. The appellant was then represented by counsel, who was present. He had the benefit of his advice, and presumably acted under it. Judging this case in the light of its own facts, we agree with the trial court that these circumstances show that the second con-

fession was voluntary, and sufficiently rebutted the presumption that it was brought about by the influences which caused the first.

[3, 4] Appellant requested the trial court to instruct the jury as follows:

"(6)   The jury are instructed that, in order to warrant a conviction, the state must prove beyond a reasonable doubt that a crime has been committed, and the fact of the death and identity of the body of the deceased are not sufficient to warrant a conviction, but you must further find beyond a reasonable doubt that the deceased came to his death by the unlawful act of the defendant before you can find him guilty."

"(7)   You are further instructed that it is incumbent on the state to prove beyond a reasonable doubt that a crime has been committed and that the defendant committed it, and the confession of the defendant, if you find he did confess freely and voluntarily, is not of itself sufficient to sustain a conviction."

"(3)   The jury are instructed that, if you believe from the evidence that the defendant made any confessions or admissions of guilt, such confessions or admissions are to be received with great caution, and, unless supported by other proofs in the case, are not sufficient to convict."

The substance of requested instruction 6 was given by the court. The jury was advised that to convict the defendant they must find from the evidence beyond a reasonable doubt that defendant unlawfully made an assault upon Smith with a certain instrument, and unlawfully struck him and inflicted upon him mortal wounds from which he died. The court applied the law of murder in the first and second degrees to the facts and advised the jury that the burden was on the state to prove beyond a reasonable doubt every material allegation of the indictment. Under these instructions the jury were obliged to believe beyond a reasonable doubt, in order to convict the defendant, not only that a crime had been committed, but that it was commit-

ted in the manner stated in the indictment, and by the defendant. Requested instruction 6 being merely cumulative, there was no error in refusing it. State v. Carabajal, 26 N. M. 384, 193 Pac. 406.

Requested instruction 7 may be a correct statement of an abstract rule of law, but it was not a proper one to be given under the facts proved. It is true, of course, that the state must prove beyond a reasonable doubt that a crime has been committed; in other words, the corpus delicti, and that the defendant committed it. These elements were fully covered by the instructions given. And it is equally true that the confession of the defendant is not of itself sufficient to sustain a conviction. There must be proof of the corpus delicti independent of the confession, a subject already discussed in this opinion, and the jury might properly have been so instructed. From appellant's brief we judge that this was the purpose of the proposed instruction. Its importance in this particular case may well be doubted, since, as we have already held, there was sufficient independent proof of the corpus delicti presented to the jury by uncontradicted evidence. If the purpose was to present to the jury the necessity for this independent proof, the instruction was not properly framed. The law is that the corpus delicti must be shown independently, but that, once shown, the other elements necessary to a conviction might be proved by the confession alone. As framed, the instruction was calculated to convey to the jury the belief that there must be proof, independent of the confession, not only that the homicide was in fact committed, but also that the defendant was the guilty person who committed it. This is not the law.

The same fault is inherent in proposed instruction

No. 3.    All of the requested instructions were properly refused.

The judgment of the trial court is therefore affirmed; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.