(No. 2787, March 13, 1923)

## STATE v. VAISA

### SYLLABUS BY THE COURT

(1) Evidence reviewed, and held to sufficiently identify appellant as present at and participating in the crime charged in the indictment. P. 415

(2) A confession which is freely and voluntarily made is admissible in evidence even though made while the accused was in the penitentiary awaiting trial. There being an issue of fact concerning the free and voluntary character of such confession, the subject was properly submitted to the jury by appropriate instruction to consider the same if they found it was freely and voluntarily made; otherwise to disregard and reject it. P. 416

(3) An instruction to the effect that the state was bound by the statements contained in a confession was properly refused, where the confession in question contained nothing of an exculpatory or mitigating character. P. 418

(4) It is not error to refuse a requested instruction which is merely cumulative to, and states in another form, that which the court has declared in its general instructions given to the jury. P. 418

(5) An instruction which informs the jury that, in determining whether a confession was freely and voluntarily made, they may consider the fact that the accused was under arrest when such confession was made, is properly refused. To give the same would constitute a comment upon the evidence, and the jury should determine the ultimate fact of whether or not such confession was free and voluntary without any comment from the court. P. 419

(6) A requested instruction to the effect that the accused was not on trial for shooting the wife of the deceased was

properly refused where the court's instructions clearly defined and outlined in explicit and unmistakable language the nature of the crime charged and for which he was being tried.

P. 419

(7) Improper remarks made by counsel cannot be considered where they are not incorporated in the record, and where no exception therto was taken, but merely an objection with a request to instruct the jury to disregard the same, which the court did.                                             P. 420

Appeal from District Court, Torrance County; Ed Mechem, Judge.

Francisco Vaisa and others were convicted of murder in the first degree, and the named defendant appeals.    Affirmed.

R. L. Hitt, of Mountainair, for appellant.

H. S. Bowman, Atty. Gen., and C. J. Roberts, of Santa Fe, for the State.

## OPINION OF THE COURT

BRATTON, J.    Francisco Vaisa, Ysidoro Miranda, Carlos Renteria, Luis Medrano, and Eziquel Machucha were jointly indicted charged with the murder of Anton J. Coury, which was alleged to have occurred on September 3, 1921, in a store conducted by him in the town of Duran, Torrance county. All of said persons, except Eziquel Machucha, who had not been apprehended, were jointly tried, and a joint verdict returned finding them guilty of murder in the first degree, following which they were sentenced to death. Appellant Francisco Vaisa perfected this, his separate appeal.

[1] The first complaint urged upon us is that appellant was not sufficiently identified as being a participant in the commission of the crime, and that in this respect the evidence is insufficient to support the verdict. This contention is not sustained by the record. Henry Baca, who owned and operated a service car in the town of Vaughn, testified that on the day preceding the homicide he was employed by a party of five men to take them out of said town of Vaughn;

that he did take them about two or three miles out along the road leading from said town towards the town of Duran; that they there got out of said car, paid him and then started walking along said road in the direction of the town of Duran. He positively identified appellant and his three codefendants who were on trial with him as being four of the men in said party. Fred Coury, a son of the deceased, and who was present in the store at the time his father was killed, in certain terms identified the appellant as one of the participants, and Mrs. Coury, wife of the deceased, likewise postively identified each and all of the defendants who were on trial, giving as her reason for such positive identification that they had killed her husband, wrecked her home, and that she would never forget them. This identification of the wife and son of the deceased is strengthened by the fact that these persons who were on trial were in the store on Friday evening before the homicide occurred on Saturday. Furthermore, by a written confession appellant detailed the circumstances surrounding the commission of the homicide, fully admitted his participation therein, and narrated many things pertaining thereto, some of which occurred before and some afterwards. We think the evidence is abundant to identify the appellant as being one of those who committed the crime.

[2] The next complaint relates to the admission in evidence of a written confession signed and sworn to by appellant, and which was made while he was confined in the penitentiary awaiting trial. By this complaint he asserts that such confession was not shown to have been freely and voluntarily made. An issue upon this was formed. P. J. Dugan, to whom such confession was made, testified that it was freely and voluntarily made, without any threats, coercion, duress, or promise of any kind. The appellant testified to facts which, if believed, would render such confession involuntary. The trial court admitted the same in evidence and then instructed the

jury that, if they found the same to have been freely and voluntarily made, it might then be considered; otherwise to disregard and reject it. In this the court was correct. The law in this state is that confessions which are freely and voluntairly made, without being induced by threats, duress, coercion, fear, hope, promise of reward or immunity, but from the free and voluntary volition of the accused, are admissible, even though he was then under arrest and had not then had the advice of counsel. The two principles of exclusion which apply to confessions are that, when they are induced by any of the influences just set forth, the temptation to speak falsely is so great as to render the statements so made entirely untrustworthy, and that that portion of the Fifth Amendment to the Constitution of the United States which provided that ''no person shall be compelled in any criminal case to be a witness against himself'' excludes involuntary confessions, but when they are made freely and voluntarily, and none of the influences under consideration are present, both of these doctrines of exclusion are overcome, and they are then admissible. The evidence concerning such confession should first be submitted to the trial judge in the absence of the jury, for the purpose of determining whether·or not it is free and voluntary in character. Where there is a conflict of evidence or an issue of fact with reference thereto, and where the trial·court determines there is sufficient evidence tending to establish such free and voluntary character of such confession, as in this case, the proper procedure, which was here followed by the trial court, is to submit the subject to the jury with an appropriate instruction that they shall first determine whether or not such confession is free and voluntary in character, and, if they find it to be so, they may then consider it; otherwise to reject it. Territory v. Emilio, 14 N. M. 147, 89 Pac. 239; Territory v. Lobato, 17 N. M. 666, 134 Pac. 222, L. R. A. 1917A, 1226; State v. Armijo, 18 N. M. 262, 135 Pac. 555; State v. Ascar-

ate, 21 N. M. 192, 153 Pac. 1036; State v. Orfanakis, 22 N. M. 107, 159 Pac. 674; State v. Anderson, 24 N. M. 360, 174 Pac. 215; State v. McDaniels, 27 N. M. 59, 196 Pac. 177; State v. Chaves, 27, N. M. 504, 202 Pac. 694; and State v. Noki Dena et al., 28 N. M.——, 214 Pac. 583, decided at the present term of the court.

[3] The following requested instruction was refused, and error is assigned thereon:

" You are instructed that the state of New Mexico is bound by the statements or confessions of certain defendants, which statements or confessions have been proven or offered in evidence by the prosecution."

An examination of the confessions which were admitted in evidence discloses that they contained nothing of an exculpatory or mitigating character. They detailed at length the agreement which was entered into between appellant and his four companions to rob the store of the deceased; their entry into said store for that purpose; the commission of the homicide during such attempted robbery; and their actions and movements thereafter. Nothing by way of justification or in mitigation was therein said. We are aware that some courts have held that, where confessions contain statements of exculpatory or mitigating circumstances, the jury should be instructed that they may be considered in the defendant's behalf as the state is bound thereby, but it becomes entirely unnecessary for us to decide this question as the confessions now under consideration contained nothing of that character. If the rule for which appellant contends should be adopted by us, a question which we refrain from deciding, it could only apply in cases where such confessions contained statements exculpatory or mitigating in character, a condition which does not obtain here.

[4] Appellant's requested instruction number 4 was likewise refused, and complaint thereon is likewise made. The law upon the subject contained in such requested instruction was fully covered by the court in

its general instructions given to the jury, and, under the familiar rule, it is not error to refuse a requested instruction which is merely cumulative, the substance of which has been announced by the court, in another form, of its own motion. State v. Carabajal, 26 N. M. 384, 193 Pac. 406, 17 A. L. R. 1098; State v. Martino, 27 N. M. 1, 192 Pac. 507; State v. Chaves, 27 N. M. 504, 202 Pac. 694.

[5] The next error complained of arises from the refusal of the court to give appellant's requested instruction numbered 8, which is as follows:

"You are instructed that, if you find from the evidence that the defendants who made confessions were under arrest and under the control of an officer, you may give those facts weight in determining what consideration, if any, you will give to the alleged confession."

This was properly refused. To give it would constitute a comment upon the weight of the evidence. The court instructed the jury that such confessions must be found to be free and voluntary before being considered. The means of determining this ultimate fact was the jury without any comment from the court.

[6] We are urged to reverse the case upon the refusal of the court to give appellant's requested instruction number 8, which is as follows:

"You are instructed that the defendants are not on trial for the shooting of Mrs. Coury."

The evidence showed that during the attempted robbery and immediately after the deceased had been shot to death one of the defendants shot and wounded the wife of the deceased. The instructions given by the court fully, explicitly, and in detail informed the jury that the defendants were on trial charged with the murder of Anton J. Coury. The material allegations contained in the indictment which it was necessary to be proven to their satisfaction and beyond a reasonable doubt, among them being that Anton J. Coury was killed, were clearly and unmistakably set forth. The

nature of the crime for which the defendants were on trial being thus limited to the unlawful killing of Anton J. Coury, we think it was altogether unnecessary to give the requested instruction.

[7] It is lastly contended that error was committed by counsel for the state during the closing argument by referring to the fact that no evidence had been offered by the defendants. The remarks so complained of are not in the record; they are not before us, and we have no way of knowing what was said. At the time such remarks were made, no exception thereto was taken, but, on the contrary, an objection thereto was made with the request that the court instruct the jury to disregard them. This the court promptly did. No exception having been taken, and the request to so instruct the jury having been complied with, no error can be predicated upon such remarks.

Failing to find a reversible error in the record, the judgment should be affirmed; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.