[No. 2882.  June 23, 1924.  Rehearing Denied July 8, 1924]

## STATE v. ABEYTA et al.

### SYLLABUS BY THE COURT.

1. A verdict that is supported by substantial evidence will not be disturbed on appeal.

2. Evidence reviewed and **held** that the verdict is supported by substantial evidence.

3. The admissibility of evidence, which is admitted

and considered against one defendant only, cannot be challenged by other defendants against whom it is not considered, as they are not affected by it.

4. It is not error to refuse a requested instruction which merely states, in a different form, the substance of that which the court has declared in its instructions.

Appeal from District Court, De Baca County; Hatch, Judge.

Agapito Abeyta, Augustine Hinojos, and another were convicted of the larceny of two saddles, and the named defendants appeal. Affirmed.

F. Faircloth of Santa Rosa for appellants.

M. J. Helmick, Atty. Gen., and J. W. Armstrong, Asst. Atty Gen., for appellee.

OPINION OF THE COURT.

BRATTON, J. Agapito Abeyta, Augustine Hinojos, and Pablo Olona were jointly charged with the larceny of two saddles belonging to C. M. Benton and one belonging to Henry Bledsoe. They were tried together and all found guilty. Abeyta and Hinojos alone appealed; Olona having taken no steps to perfect an appeal so far as he was concerned.

[1, 2] 1. It is contended by the appellants that the verdict of the jury is not supported by substantial evidence. With care we have read the record, and are unable to share in this view, as we think the facts and circumstances proven, if believed by the jury, as they seemingly were, support the verdict. Such a verdict will not be disturbed on appeal. No rule of law is more firmly established in this jurisdiction. State v. Ancheta, 20 N. M. 19, 145 Pac. 1086.

[3] 2. Much is said in the briefs concerning the evidence proving certain admissions made by Pablo Olona; it being urged that they were not freely and voluntarily made, and that they were not admissible as against these appellants. The trial court controlled the evidence by giving to the jury the following instruction:

"I further charge you, gentlemen of the jury, that there has been introduced in evidence before you certain statements purported to have been made by the defendant, Pablo Olona, at the time and place testified to by the witnesses. It is for you to determine, beyond a reasonable doubt, whether such statements were made, and I charge you that, if you believe from the evidence, beyond a reasonable doubt, that such statements were made, you may not consider them as having any bearing on the guilt or innocence of the other defendants, but only as to the guilt or innocence of the defendant Pablo Olona."

After being so limited, the lack of such statements being free and voluntary could not possibly affect these appellants, because the evidence was not considered in determining their guilt. Whether such admissions were free and voluntary in character could in no wise concern any of the defendants except Olona, and, as we have previously said, he makes no complaint. That testimony of this character is admissible against the defendant making the statements, and that other defendants against whom the evidence is not considered are not affected thereby and cannot complain, is a rule of law too plain to merit discussion. It is universally recognized.

[4] 3. Appellants assign error upon the refusal of the court to give their requested instruction as follows:

"The court instructs you that, before the defendants, or any or either of them, can be found guilty of the crime charged in the indictment, it must be established to your satisfaction and beyond a reasonable doubt by the evidence introduced in this case that, with intent to steal, they took and carried away the property mentioned in the indictment and unless the evidence establishes to your satisfaction and beyond a reasonable doubt that the defendants succeeded in actually taking the said property mentioned in the indictment into their possession, or into the possession of one or more of them, with the assistance of the others and carrying it away, they cannot be found guilty of the crime charged in the indictment returned and filed in this case."

The law covering this feature of the case was fully and accurately stated in the court's instructions given to the jury. This court has many times held that it is

not error to refuse a requested instruction which merely states, in a different form, the substance of that which the court has declared in its instructions, and which is therefore merely cumulative. State v. Goodrich, 24 N. M. 660, 176 Pac. 813; State v. Ulibarri, 28 N. M. 107, 206 Pac. 510; State v. Vaisa, 28 N. M. 418, 213 Pac. 1038.

Other questions are discussed in appellants' brief, but we find no merit in them. The judgment should therefore be affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.