404 P.2d 304

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Marlin Lee MOSLEY, Defendant-Appellant.**

**No. 7599.**

Supreme Court of New Mexico.

July 19, 1965.

Earl E. Hartley, Atty. Gen., Thomas A. Donnelly, George Richard Schmitt, Asst. Attys. Gen., Santa Fe, for appellee.

Claude S. Sena, Charles S. Solomon, Santa Fe, for appellant.

NOBLE, Justice.

Marlin Lee Mosley has appealed from the judgment following his conviction by a jury of second degree murder and from the sentence imposing an increased punishment because of two prior convictions.

Although ten separate points are relied upon for reversal, we shall discuss allied questions together. The precise basis of the defendant's attack upon the trial court's denial of his motion for a remand for a preliminary hearing is not clear. Mosley was first charged with the murder of James Jackson by a criminal complaint filed before a justice of the peace, but, before a preliminary hearing was held, an indictment was returned by a grand jury charging him with the same crime, and the case thereafter proceeded entirely upon the indictment. The defendant appears to argue that Art. II, Sec. 14 of the New Mexico Constitution prohibits his prosecution without a prior preliminary hearing, and that without it he was not properly informed of the charge against him. However, a reading of Art. II, Sec. 14, clearly reveals that no right to a preliminary examination exists when the presentment against an accused is by a grand jury indictment.

We note that the defendant requested and was furnished a bill of particulars advising that a conviction of first degree murder would be sought upon allegations that the crime was committed by shooting the victim with a 22-caliber revolver twice in the back and was perpetrated from a deliberate and premeditated design unlawfully and maliciously to effect the death of a human being. The district attorney stated in open court that there would be no attempt to prove the alleged murder by (a) poison, (b) lying in wait, (c) torture, or (d) that it was committed in perpetration or attempting to perpetrate a felony. Defendant urges the court's denial of a second motion for a bill of particulars asking the state to specify the acts of the defendant which would be relied upon to establish first degree murder as reversible error.

The object of a bill of particulars in criminal cases is to enable the defendant to properly prepare his defense, State v. Graves, 73 N.M. 79, 385 P.2d 635, and, to achieve that fundamental purpose, it must state as much as may be necessary to give the defendant and the court reasonable information as to the nature and character of the crime charged, State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1. However, the district attorney is not thereby required to plead evidence, nor is the bill of particulars required to be in as much detail as before adoption of the short form charging crimes. State v. Graves, supra. A defendant in a murder case is entitled to know the exact date and the approximate time of day, the exact place where the body was found, and a description and identification details of the means or weapon used.

People v. Courtney, 40 Misc.2d 541, 243 N.Y.S.2d 457. Our careful examination of the record discloses that the defendant was furnished with those facts to which he was entitled.

 We think the objection to the indictment on the ground that the convening of the grand jury by a taxpayer's petition was illegal because obtained by fraud is without merit. A grand jury may be convened either upon a taxpayer's petition or by an order of the district judge. Const. Art. II, Sec. 14. Even though a taxpayer's petition for a grand jury was filed, that was not the method actually utilized to convene the grand jury, because, prior to drawing the panel, the district court entered what can only be interpreted as an order convening the grand jury.

Complaint is made of the trial court's denial of a motion for a directed verdict of acquittal, because (1) it is insisted that the uncontradicted evidence showed that the defendant could not have killed James Jackson; (2) the state failed to disprove exculpatory matter contained in defendant's extra judicial statement; and (3) there is a variance between the charge and the proof.

 It is well settled in this jurisdiction that the court should not direct a verdict of acquittal if there is substantial evidence to support a criminal charge. Kilpatrick v. State, 58 N.M. 88, 265 P.2d 978; State v. Martin, 53 N.M. 413, 209 P.2d 525; State v. Renner, 34 N.M. 154, 279 P. 66; State v. Ulibarri, 28 N.M. 107, 206 P. 510. Without detailing the voluminous evidence adduced at the trial, suffice it to say that, while there is conflicting evidence, there are facts and circumstances which substantially tend to support the charge against the defendant.

 By his extra-judicial statement, the defendant said that he was struck on the head and knocked down immediately upon going outside the building, and that he took a revolver from his pocket and shot at a person who was on top of him. It is asserted that this claim of self-defense was not disproved by the state and that, therefore, his conviction must be reversed. We are clearly committed to the rule that if the state offers a statement of the accused containing exculpatory matter, it must overcome the defendant's claim of excuse or justification. State v. Casaus, 73 N.M. 152, 386 P.2d 246; State v. Garcia, 57 N.M. 665, 262 P.2d 233; State v. Langdon, 46 N.M. 277, 127 P.2d 875. An examination of this record, though, shows that the state did offer proof which, if believed by the jury, was sufficient to overcome the defendant's claim of self-defense. There is not only testimony that the defendant shot at decedent as he was running away, but the jury could have determined from decedent's shirt whether the shot was fired from a point close enough to leave powder marks.

The shirt was properly admitted in evidence as bearing on the question of defendant's exculpatory statement, and the fact that blood was deposited on the shirt as a result of officers turning over the body after death did not render the object inadmissible, since those facts were before the jury.

We cannot agree that there was a fatal variance between the charge and the proof. The defendant was alleged to have committed the offense by shooting Jackson twice in the back, and the proof showed that one shot entered the back of the right thigh and another the back below the tenth rib, striking the heart lining. The bill of particulars alleged that decedent died between 1:00 a.m. and 4:53 a.m. at the rear of the Yucca Club. While defendant argues that inferences can be drawn from the evidence that the decedent died at a different time and place, there is substantial evidence from which the jury could have determined that the time and place of Jackson's death was as alleged. At least there was not such a variance as impaired a substantial right of the defendant. State v. Peke, 70 N.M. 108, 371 P.2d 226. We are satisfied that the proof and the charge were such as to protect him against being placed in double jeopardy. England v. United States (5th Cir. 1949) 174 F.2d 466.

Although we cannot approve such tactics, we are of the opinion that, absent a showing of prejudice, the denial of a motion for a mistrial because the district attorney talked to a state's witness outside the defendant's presence and during a recess in the defendant's cross-examination of such witness, was not reversible error. The naked fact that this occurred does not, in and of itself, constitute a deprivation of the defendant's right of cross-examination or of his right to be confronted by the witnesses against him. If the actions of the district attorney resulted in prejudice to the defendant, it was counsel's duty to point out such prejudice to the court. State v. Kelly, 27 N.M. 412, 202 P. 524, 21 A.L.R. 156. No effort was made to interrogate the witness as to the nature of such conversation, nor to elicit information to determine whether in fact any prejudice to the rights of the defendant occurred.

The defendant argues that the court erred in refusing to adopt his requested instructions 4 and 5. However, it is well established that the court is not required to charge the jury on the defendant's theory of the case unless it is supported by substantial evidence. See State v. Maestas, 63 N.M. 67, 313 P.2d 337. We find no substantial evidence in the record of any physical facts, conditions, or circumstances which would have made it impossible for the defendant to have committed the crime of which he was charged. The instructions are to be viewed as a whole and, thus viewed, we think they adequately cover

every phase of the case raised by the evidence on which the defendant was entitled to have the jury instructed. State v. Maestas, supra.

Following his conviction of second degree murder, the defendant was charged with and admitted to being the person convicted of two prior felonies. Despite his insistence that his punishment could not be enhanced by the habitual criminal act because the maximum penalty for second degree murder is life imprisonment, the district court sentenced the defendant to not less than life.

This precise problem was before us in French v. Cox, 74 N.M. 593, 396 P.2d 423, wherein we held that Sec. 41–16–2, N.M.S.A. 1953, is not applicable to enhance the punishment for a conviction of second degree murder. The reasoning of that case disposes of this issue in the appellant's favor. Our voiding of the sentence imposed by the district court does not, of course, mean that the defendant is entitled to be discharged. In accordance with what was said in Sneed v. Cox, 74 N.M. 659, 397 P.2d 308, the court below must be directed to impose a new sentence to be effective as of the date the original sentence commenced.

It follows from what has been said that the judgment is affirmed in all respects except that the sentence must be vacated and a new sentence imposed. The cause will be remanded with instructions to vacate the sentence and to resentence the defendant in a manner not inconsistent with what has been said. It is so ordered.

CHAVEZ and COMPTON, JJ., concur.