430 P.2d 865

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Mel R. MONTOYA, Defendant-Appellant.**

**No. 8247.**

Supreme Court of New Mexico.

June 30, 1967.

Rehearing Denied Aug. 28, 1967.

Woolston & Coan, Albuquerque, for appellant; Ben T. Traub and Charles Driscoll, Albuquerque, on rehearing.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

MOISE, Justice.

Defendant was charged with the crimes of rape (§ 40A–9–2, N.M.S.A.1953) and sodomy (§ 40A–9–6, N.M.S.A.1953). He was tried on these charges on May 27, 1966. He was acquitted on the charge of rape but convicted on the charge of sodomy, and appeals from the conviction.

Defendant first contends that the trial court erred in admitting testimony of an oral confession given without counsel, relying on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). The circumstances surrounding the confession follow. After the prosecutrix complained to the police and named the defendant as her attacker, two police detectives went to defendant's residence and confronted him with this accusation. One of them testified that prior to any interrogation, the defendant was advised that he had a right to consult with an attorney; that he had a right to remain silent; and that any statement he might make could be used against him in court. He further testified that defendant replied that he did not need an attorney and wanted "to get this straightened out," following which he voluntarily related that he had engaged in acts of intercourse and sodomy with the prosecutrix with her consent. At the trial, defendant took the witness stand and while admitting intercourse denied any force was used or that any act of sodomy had been committed. He also denied that he ever admitted or confessed such an act. He did not contend that any statement he might have made was not voluntary. We held in State v. Gammons, 76 N.M. 85, 412 P.2d 256 (1966), that the right to counsel or to remain silent may be intelligently and knowingly waived. The facts recited above support the trial court's determination that if any confession was made, it was voluntary and that defendant waived his right to counsel. See Annot. 5 A.L.R.3d 1269 (1966). Defendant also seeks support in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694

**296**

(1966). However, that case was decided on June 13, 1966, after this trial had taken place. For that reason the Miranda case has no application here. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Also, it has no application because no question is present of the voluntary character of any statement made by defendant.

■ The defendant next contends that the trial court erred in not directing a verdict on the charge of rape because by its failure to do so defendant was prejudiced in that a conviction on the lesser count was thereby invited. Defendant argues that the testimony relating to the rape charge was inherently improbable and that the state has not overcome the exculpatory portions of his confession under the rule announced in State v. Mosley, 75 N.M. 348, 404 P.2d 304 (1965); State v. Casaus, 73 N.M. 152, 386 P.2d 246 (1963). Defendant contended that the intercourse was with the consent of the prosecutrix and the prosecutrix testified that it was forceful. Where the state offers proof aside from the confession containing the exculpatory statement which, if believed, would overcome the defendant's assertion, the ultimate determination of that factual issue is for the jury. State v. Mosley, supra. Nor can we say that the testimony of the prosecutrix is inherently improbable. Her testimony recounted the usual sordid details supporting this type of charge, and defendant has pointed to nothing that would suggest that it was inherently improbable aside from the bare assertion. We find no error in the submission of this issue to the jury.

■ Defendant lastly contends that the trial court erred in allowing a doctor to testify concerning his examination of the prosecutrix. Variance from the usual order of proof is within the sound discretion of the trial judge and is not reviewable except for gross abuse of such discretion.

State v. Carabajal, 26 N.M. 384, 193 P. 406, 17 A.L.R. 1098 (1920); State v. Nevares, 36 N.M. 41, 7 P.2d 933 (1932). There is no showing of such an abuse under the facts of this case. In addition, there is no indication that the defendant was prejudiced by the doctor's testimony. For the most part it served to establish that intercourse had occurred, a fact defendant readily admitted. Also, it went only to Count I of which defendant stands acquitted.

No reversible error appearing, the judgment is affirmed.

It is so ordered.

CHAVEZ, C. J., and JOE W. WOOD, J., Court of Appeals, concur.

On Motion for Rehearing
MOISE, Justice.

Appellant has employed new counsel and now moves for rehearing because of claimed incompetence of previous counsel who represented him at the trial and on appeal. Without detailing the reasons argued as supporting his position that counsel was incompetent, we note his argument that he did not receive a fair trial or proper defense and, accordingly, under the doctrine announced in State v. Gomez, 75 N.M. 545, 408 P.2d 48 (1965), the conviction cannot stand.

■ We have carefully examined the record and find no basis for the claim of incompetence of counsel under the facts here present. Neither does the law permit a conclusion of incompetence. See State v. Moser, 78 N.M. 212, 430 P.2d 106, decided July 17, 1967; State v. Cathey, 32 Wis. 2d 79, 145 N.W.2d 100 (1966); Annot., 74 A.L.R.2d 1390.

The motion for rehearing is denied. It is so ordered.

CHAVEZ, C. J., and JOE W. WOOD, J., Court of Appeals, concur.