498 P.2d 681

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Louis GARCIA, Jr., Defendant-Appellant.**

**No. 843.**

Court of Appeals of New Mexico.

June 16, 1972.

Patrick L. Chowning, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Ronald Van Amberg, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

COWAN, Judge.

The defendant appeals following his conviction of second degree murder. He raises the issues of (1) failure to give a requested self-defense instruction, (2) forms of verdict, (3) witnesses, (4) rebuttal witnesses, and (5) sufficiency of the evidence. We affirm.

Defendant's first point, claiming that the court erred in refusing defendant's requested instruction on self-defense, was abandoned on oral argument. It is conceded that the court gave a proper instruction and the issue need not now be considered.

■■ Defendant next claims error on the ground that no written forms of verdict "relating to first degree murder or either grade of manslaughter" were presented to the jury, in violation of §§ 41–11–11 and 41–11–12, N.M.S.A.1953 (Repl.Vol. 6). These sections, however, refer to instructions and not forms of verdict. Defendant cites no authority supporting his contention, nor do we find any. Additionally, the record discloses that the trial judge stated that he would hand the jury forms of verdict relating to first degree murder, second degree murder, manslaughter and innocence. One of them, finding the defendant guilty of second degree murder, was filed as part of the record. The record is silent as to the disposition of the others. The record before us fails to establish the fact asserted as error by appellant and, upon a doubtful or deficient record, every presumption must be indulged by this court in favor of the correctness and regularity of the trial court's judgment. General Services Corp. v. Board of Com'rs, 75 N.M. 550, 408 P.2d 51 (1965).

■■ Defendant also argues error because a witness, whose name was not endorsed on the indictment, was allowed to testify. This was well within the court's discretion and in the absence of abuse of that discretion, permitting the witness to testify was not error. Section 41–6–47, N.M.S.A.1953. (Repl.Vol. 6); State v. Lujan, 79 N.M. 200, 441 P.2d 497 (1968). Furthermore, defendant claims that without this witness's testimony, the state would have failed to prove the corpus delicti. "The corpus delicti of a particular offense is established simply by proof that the crime was committed. . . ." State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966); State v. Gruender, 83 N.M. 327, 491 P.2d 1082 (Ct.App.1971). Witnesses other than the one not endorsed testified regarding the shooting of Archuleta. We find no abuse in the record.

■■ Defendant's next point is concerned with claimed improper rebuttal testimony and collateral impeachment. The testimony related to photographs of the scene which defendant claims should have been introduced in the state's case-in-chief. Defendant also claims that testimony concerning his physical condition was an improper attempt to impeach defense witnesses. Admission of the testimony was clearly within the court's discretion. The record reveals neither an abuse of that discretion nor prejudice to the defendant. State v. Montoya, 78 N.M. 294, 430 P.2d 865 (1967).

■■ Defendant's final point attempts to raise the issue of substantial evidence. Defendant claims that he moved for a directed verdict of acquittal at the close of the state's case, which was improperly denied. Actually, the defendant moved the court to remove the issues of first and second degree murder from the jury's consideration for failure of proof of premeditation and because the shooting occurred during the heat of passion. This did not amount to a motion for a directed verdict. A motion for a directed verdict calls for a ruling by the trial court based on the evidence. It cannot be raised for the first time on appeal. State v. Williams, 83 N.M. 477, 493 P.2d 962 (Ct.App.1972). Fur-

thermore, counsel for defendant advised the jury in his opening statement that the defendant did the shooting and the entire defense was predicated on the theory of self-defense. This point is without merit.

There being no reversible error, the judgment and sentence is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.