This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                            NO. 27,511

**DOMINICK SMITH**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Charles C. Currier, District Judge**

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

After a jury trial, Defendant was convicted of two counts of second degree murder as an accomplice to the killings. Defendant was acquitted of conspiracy to commit murder in the first degree and attempt to commit murder in the first degree. Defendant raises two issues on appeal: (1) whether he was denied a fair trial based upon the district court's response to a question submitted by the jury during deliberation, and (2) whether he was denied a fair trial due to cumulative error based on the district court's denial of his motions for a bill of particulars and a change of venue. We affirm the rulings of the district court.

**BACKGROUND**

Because the parties are familiar with the factual and procedural background and because this is a memorandum opinion, we do not provide an initial, detailed summary of the proceedings below. We provide details as necessary in our discussion of each issue.

**DISCUSSION**

**Defendant's Motion for New Trial**

After the jury in Defendant's trial retired to deliberate, it submitted the following question to the district court: "If a murder occurs during the commission of another felony, in other words robbery, is the accessory to the other felony also guilty of the murder?" After discussing possible responses with counsel for both

sides, the district court responded, "the jury has been advised as to the charges and instructed as to the law. The [c]ourt can't provide additional instructions at this time." Defense counsel objected to the district court's choice regarding how to respond to the jury's question. Defendant moved for a new trial after the verdict was rendered, claiming that the response offered no guidance and denied him a fair trial. The district court denied Defendant's motion for a new trial.

Defendant appeals the denial of his motion for a new trial. He argues that the jury's question indicates the jury was confused, and the district court should have ameliorated this confusion by instructing the jury that it could not convict Defendant under the theory of felony murder, a crime that was not charged and for which the jury had not received any instructions. As such, Defendant contends that the district court erred by refusing to answer the jury's question in the manner proposed by Defendant. As a result, Defendant asserts that the district court abused its discretion when it denied his motion for a new trial premised on the same alleged error in the district court's response to the jury's question during deliberations.

"[T]he function of passing on motions for new trial belongs naturally and peculiarly to the [district] court." *State v. Moreland*, 2008-NMSC-031, ¶ 9, 144 N.M. 192, 185 P.3d 363 (internal quotation marks and citation omitted). An appellate court "will not disturb a [district] court's exercise of discretion in denying or granting a

motion for a new trial unless there is a manifest abuse of discretion." *State v. Garcia*, 2005-NMSC-038, ¶ 7, 138 N.M. 659, 125 P.3d 638. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

We first address the district court's response to the jury's question. At the outset, we note that the district court's instructions to the jury accurately stated New Mexico law. Therefore, this is not a case where the district court erred by giving a legally erroneous jury instruction, or where it provided a supplemental instruction that was contradictory or misleading. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (explaining that reversible error is the proper standard when the jury instructions are facially contradictory or ambiguous, or fail to provide the jury with an accurate rendition of the relevant law); *State v. Parish*, 118 N.M. 39, 44-45, 878 P.2d 988, 993-94 (1994) (applying reversible error standard where the jury instructions fail to instruct the jury upon all questions of law essential for a conviction). The jury was properly instructed in this case, and Defendant does not claim otherwise on appeal. As a result, we are unpersuaded by Defendant's assertion

that this Court should review the district court's response to the jury's question for reversible error. Instead, we will review for an abuse of discretion. Rule 5-610(A) NMRA; *see State v. Wall*, 94 N.M. 169, 171-72, 608 P.2d 145, 147-48 (1980) (reviewing the district court's decision to provide an additional jury instruction after deliberation had commenced for an abuse of discretion), *overruled on other grounds by State v. Lucero*, 116 N.M. 450, 453, 863 P.2d 1071, 1074 (1993).

While it is certainly true that the district court should respond to a jury's request for clarification on the law with sufficient specificity to rectify the problem, the precise manner by which the district court fulfills this obligation is committed to its sound discretion. *See State v. Juan*, 2010-NMSC-041, ¶ 16, 148 N.M. 747, 242 P.3d 314. In this case, the district court discussed how to appropriately respond to the jury's question with counsel for both sides. Defense counsel urged the district judge to answer the jury's question in the negative, stating that felony murder is inapplicable to Defendant's case. In response, the State argued that responding in such a manner would mislead the jury as to the applicable law. Ultimately, the district court answered the jury's question by directing the jury to limit its discussions to the charges outlined in the jury instructions that the court had already provided. The district court explained that responding in the manner suggested by defense counsel

would have "open[ed] more doors" because it would have caused the jury to ask, "[w]hat's a felony murder and how does that apply in this case."

Here, the jury instructions in their entirety clearly stated the controlling law. *See State v. Laney*, 2003-NMCA-144, ¶ 38, 134 N.M. 648, 81 P.3d 591 ("A jury instruction is proper, and nothing more is required, if it fairly and accurately presents the law."). The instructions did not mention felony murder as a theory of any crime charged in the case, and the district court's answer to the jury's question effectively instructed the jury to consider only the charges for which it had been instructed. If the jury adhered to the court's advice and limited its discussions to the instructions, its question would have been answered.

We conclude that the district court complied with the court's legal obligation to utilize its discretion in responding to the jury's question dealing with the elements of the crime charged. Whether any further confusion existed during the jury's remaining deliberations is a matter of speculation and is not supported by the record before us. Our reasoning is supported by the fact that the jury spent over three hours deliberating after it received the district court's response. In addition, the jury did not ask any additional questions of the district court. *See State v. Greenwood*, 2012-NMCA-017, ¶ 23, 271 P.3d 753 ("The jury obviously knew how to alert the court to confusion, and the jury did not raise any issue of confusion after the court's

6

clarification."), *cert. denied*, 2012-NMCERT-__, __ P.3d __, (No. 33,325, Jan. 4, 2012). While the district court's response was clearly not the only course available, the facts of this case do not support Defendant's position that the district court abused its discretion when it answered the jury's question during deliberations.

We now address whether the district court erred in denying Defendant's motion for a new trial. When asked at sentencing what evidence would support the defense argument that the jury did not follow the district court's instructions, Defendant could point only to the felony murder language used by the jury in its question. Again, we presume that the jury followed the district court's instructions and its response to the question that was asked. *See State v. Perry*, 2009-NMCA-052, ¶ 45, 146 N.M. 208, 207 P.3d 1185 ("There is a presumption that the jury follows the instructions they are given." (internal quotation marks and citation omitted)). Thus, the jury had no basis for convicting on the felony murder theory that Defendant only speculates occurred, and we will not presume such an error. Moreover, the language of the question does not support a presumption of error. Evidence regarding the extent of Defendant's participation in and knowledge of the robbery was probative of Defendant's liability, particularly with regard to his state of mind and awareness of the consequences and risks of his actions. Nothing in the record indicates that the jury did not carefully

consider the evidence and apply the proper instructions as the district court instructed it to do.

Our review of the record indicates that Defendant failed to meet his burden of proving that the jury was confused. *See Greenwood*, 2012-NMCA-017, ¶ 23 (reasoning that the defendant failed to show why his claimed assertion of error tipped any balance toward juror confusion or resulted in a miscarriage of justice). The district court concluded that "the jury was properly instructed that there's no evidence that the jury convicted the defendant of second[]degree murder because of the felony murder rule," and denied Defendant's motion for new trial. Defendant has not claimed that his conviction is unsupported by the evidence, nor has he provided any support for his concerns that the jury was confused as to the law. *See State v. Jimenez*, 2007-NMCA-005, ¶ 27, 141 N.M. 106, 151 P.3d 67. As a result, the district court did not abuse its discretion when it denied defendant's motion for a new trial.

Finally, we note Defendant's argument concerning his acquittals on conspiracy and attempt to commit the murder of Trent Aslock. "We have frequently said that our business is to review the verdicts of conviction, and not concern ourselves with any alleged acquittals, and thus we do not entertain contentions alleging that the verdicts are irreconcilable." *State v. Roper*, 2001-NMCA-093, ¶ 24, 131 N.M. 189, 34 P.3d

133; *See State v. Fernandez*, 117 N.M. 673, 680, 875 P.2d 1104, 1111 (Ct. App. 1994). We see no basis to grant Defendant a new trial on this ground.

**Cumulative Error**

We now address Defendant's argument that "the [district] court's errors in denying [his] motions for a bill of particulars and change of venue amounted to cumulative error." The cumulative error doctrine protects a criminal defendant's fundamental right to a fair trial. *State v. Stanley*, 2001-NMSC-037, ¶ 43, 131 N.M. 368, 37 P.3d 85. Cumulative error requires reversal when the cumulative effect of errors that occurred during trial was "so prejudicial that the defendant was deprived of a fair trial." *State v. Baca*, 120 N.M. 383, 392, 902 P.2d 65, 74 (1995) (internal quotation marks and citation omitted). Defendant submits this argument pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985).

**A.     Bill of Particulars**

Defendant claims that the district court erred in denying his motion for a bill of particulars which requested that the State "detail[ its] theory of prosecution as to each charge, and list[] the evidence relied upon by the State for such prosecution." The bill of particulars has been replaced by a statement of the facts. *State v. Aaron*, 102 N.M. 187, 192-93, 692 P.2d 1336, 1341-42 (1984). We review the district court's denial

of a motion for a statement of facts for an abuse of discretion. *State v. Mankiller*, 104 N.M. 461, 466, 722 P.2d 1183, 1188 (Ct. App. 1986).

Defendant asserts that a bill of particulars was necessary because it would be a "rather daunting task" for defense counsel to adequately prepare for the case "[g]iven the recent failure of the plea process," and "the extreme abundance of physical and testimonial evidence." But a bill of particulars does not entitle a defendant to unlimited access to the state's case against a particular defendant. Rather, "[t]he object of a bill of particulars in criminal cases is to enable the defendant to properly prepare his defense, and, to achieve that fundamental purpose, it must state as much as may be necessary to give the defendant and the court reasonable information as to the nature and character of the crime charged[.]" *State v. Mosley*, 75 N.M. 348, 351, 404 P.2d 304, 306 (1965) (citation omitted). Defendant here was well informed of the nature and character of the charges against him. "A defendant in a murder case is entitled to know the exact date and the approximate time of day, the exact place where the body was found, and a description and identification details of the means or weapon used." *Id.* As Defendant was provided adequate information upon which to prepare his defense, it was not an abuse of discretion for the district court to deny him details about the prosecution's strategy or theory of the case. There was no error.

**B.     Change of Venue**

Defendant claims that the district court erred when it denied his motion for change of venue. The district court here held an evidentiary hearing on Defendant's motion for a change of venue. Therefore, we review the district court's denial of the motion for an abuse of discretion. *State v. House*, 1999-NMSC-014, ¶ 29, 127 N.M. 151, 978 P.2d 967. In this case, Defendant bore the burden of establishing that the district court's venue decision constituted an abuse of discretion. *See id.* ¶ 31. "The standard of review required in assessing most abuse-of-discretion claims is whether the [district] court's venue determination is supported by substantial evidence in the record." *Id.* ¶ 32. "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *Id.* (internal quotation marks and citations omitted).

Defendant's motion for change of venue relied upon the extensive newspaper and television coverage of the homicides and of the community's general methamphetamine use problem. Defendant argued that the large number of witnesses would make a fair trial impossible in three counties, and presented two Hobbs News-Sun newspaper articles as evidence. Defendant, however, has not made these newspaper articles a part of the record on appeal. *See Rojo*, 1999-NMSC-001, ¶ 53 (resolving every presumption in favor of the district court's decision when the record

11

is doubtful or deficient); *Eldridge v. Aztec Well Servicing Co.*, 105 N.M. 660, 662, 735 P.2d 1166, 1168 (Ct. App. 1987) (explaining that it is the appellant's duty to provide the record on appeal and assuming that missing portions of the record support the district court's determination). In response, the State presented the results of a telephone survey of randomly selected local residents to support its argument that there were plenty of unbiased jurors. The State's survey was also not made a part of the record.

The district court determined from the survey that Defendant could receive a fair trial because, of the people surveyed, only about forty percent were aware of the homicide, and only about ten percent could recall the names of the people involved in the murders. As a result, the district court denied Defendant's motion for change of venue. Viewing the record and resolving the deficiencies in the record, as we must, in the light most favorable to the district court's determination, we conclude that the district court's determination was supported by substantial evidence and the district court's denial of Defendant's motion was not an abuse of discretion. Since we find no error in the actions and decisions of the district court, there is also no basis for cumulative error. *State v. Aragon*, 1999-NMCA-060, ¶ 19, 127 N.M. 393, 981 P.2d 1211.

**CONCLUSION**

12

For the foregoing reasons, we affirm the judgment of the district court.

**IT IS SO ORDERED.**

_____

**TIMOTHY  L. GARCIA,  Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**MICHAEL E. VIGIL, Judge**