STATE v. TALARICO.

No. 3539. Decided November 23, 1920. (193 Pac. 860.)

1. CRIMINAL LAW—INDICTMENT AND INFORMATION—COMPLAINT BEFORE JUSTICE SUFFICIENT TO CHARGE LESSER OFFENSE, AND INFORMATION FOR LESSER OFFENSE PROPER. A verified complaint before a justice, asserting that defendant did willfully, etc., commit an assault on another with a knife, etc., which was a deadly weapon, with intent to kill, sufficiently alleged an assault with a deadly weapon with intent to commit bodily harm, for which lesser crime defendant was held after preliminary examination, and the information for the lesser offense was not vulnerable.[1]

2. CRIMINAL LAW—DEFENDANT, DESIRING ADDITIONAL INSTRUCTIONS, MUST REQUEST THEM. Where defendant requested no additional instructions on the law of self-defense, he cannot attack the instructions on the ground that they did not show the jury as to the quantum of the burden of proof that was placed on defendant by his invoking self-defense.

3. CRIMINAL LAW—GIVING OF INSTRUCTIONS TO JURY AFTER RETIREMENT RESTS IN DISCRETION OF TRIAL COURT. Where a requested instruction through inadvertence was not delivered by defendant's counsel to the court until after the jury had retired, the court may, in its discretion, refuse to give the instruction though correct.

[1] State v. Pay, 45 Utah, 411, 146 Pac. 300, Ann. Cas. 1917E, 173; State v. Nelson, 52 Utah, 617, 176 Pac. 860.

4.  ASSAULT AND BATTERY—DEFENDANT NEED NOT PROVE SELF-DE-
    FENSE BY PREPONDERANCE OF EVIDENCE. In a prosecution for
    assault with a deadly weapon with intent to commit bodily
    harm, defendant, who invoked self-defense, need not prove it
    by a preponderance of the evidence, but is entitled to an ac-
    quittal if on the whole evidence the jury entertains reasonable
    doubt as to whether defendant acted in self-defense.[2]

5.  CRIMINAL LAW—REFUSAL OF INSTRUCTION OF SELF-DEFENSE HELD
    HARMLESS. In a prosecution for assault with a deadly weapon,
    etc., the refusal of a requested instruction of self-defense,
    though the instruction was correct and the refusal erroneous,
    is no ground for reversal, where there is no evidence to estab-
    lish his self-defense.

Appeal from District Court, Fifth District, Juab County;
*D. H. Morris,* Judge.

Frank Talarico was convicted of assault with a deadly
weapon, with intent to commit bodily harm, and he appeals.

AFFIRMED.

*C. M. Leatherbury,* of Eureka, and *P. N. Anderson,* of
Nephi, for appellant.

*Dan B. Shields,* Atty. Gen., and *O. C. Dalby,* Asst. Atty.
Gen., for the State.

WEBER, J.

Defendant appeals from a judgment of conviction on the
charge of assault with a deadly weapon with intent to com-
mit bodily harm.

This prosecution was commenced by filing a complaint,
under oath, before a justice of the peace, in which it was
charged:

"That on the 16th day of April, A. D. 1920, at Juab county,
state of Utah, said Frank Talarico did then and there, without
just cause or excuse, willfully, unlawfully, feloniously, and of
his deliberate premeditated malice aforethought, commit an as-

---

[2] *State* v. *Kakarikos,* 45 Utah, 470, 146 Pac. 750.

sault upon the person of George Humble, then and there being, with a knife, the same being then and there a deadly weapon which he, the said Frank Talarico, then and there held in his hand with intent then and there to stab, cut, lacerate, and fatally wound him, said George Humble, and thereby to kill and murder him; and he, the said Frank Talarico, with said knife a deadly weapon in his hand did then and there, without just cause or excuse, willfully, unlawfully, feloniously and of his deliberate premeditated malice aforethought, and with great force stab and cut and cause said knife, a deadly weapon, to enter, lacerate, and grievously wound the person of said George Humble on and in his neck, with intent then and there to kill and murder him, the said George Humble."

A preliminary examination was had on this charge before the justice of the peace, who found from the evidence that an offense had been committed by the defendant whom he therefore bound over to the district court on the charge of "assault with intent to do bodily harm, and without just cause or excuse, with a deadly weapon, to wit, a knife, committed upon the person of George Humble."

In due time an information was filed in the district court by the district attorney, charging the defendant with the commission of the crime of assault with a deadly weapon with the intent to do great bodily injury.

Defendant interposed a motion to quash the information upon the ground, among others, that he had not had, nor had he waived, a preliminary hearing upon the crime with which he was charged in the information. The motion was overruled, and the ruling is assigned as error.

The complaint before the justice of the peace contains every essential element charged in the information filed in the district court. The defendant was deprived of no constitutional right of a preliminary examination, as he claims, and the district attorney, in filing the information charging assault with a deadly weapon with intent to do bodily injury, charged the offense for which defendant was held to answer, and it was obviously included in the complaint filed with the justice of the peace. That such an information is not vulnerable to the attack which was made upon it by appellant has been decided in *State* v. *Nelson*, 52 Utah 617, 176 Pac.

860, and *State* v. *Pay*, 45 Utah, 411, 146 Pac. 300, Ann. Cas. 1917E, 173.

Briefly stated, the facts in this case are that on April 16, 1920, the appellant and one George Humble were on the 1,400-foot level of the Chief Consolidated mine at Eureka, Utah; that while waiting for a car to take them to the surface an altercation arose between appellant and Humble, a lessee in the mine, who had prepared a small sack of ore for sample purposes. The appellant by inadvertence, or, possibly, in a spirit of pleasantry, dropped into Humble's sample bag a piece of ore from another point in the mine. When Humble's attention was called to what had been done, he became angry and threatened to knock appellant's "can" off if he did that again. Appellant, a moment later, offered to fight, but Humble refused, saying he would see appellant on top. Nothing further was said until after the parties to the altercation reached the top and passed out of the gate. As stated by appellant's counsel in the abstract of the testimony, the following was the substance of appellant's testimony relating to what occurred after the parties left the mine:

"That after coming out of the mine, and while checking out from work, he observed several men whom he thought appeared very angry, and heard one of them say 'The black ――― ――― ――― ――― is coming over here to take a white man's place.' That he was nervous. When he went out of the gate he observed Humble waiting there with his lunch bucket on the ground; that there were also present other men, namely, Brant, Seely, Mickel, and Coats; that when he was in the act of passing Humble, Humble said to defendant 'You black son of a bitch, where are you going,' and it was then that he struck Humble."

It is undisputed that defendant struck Humble in the neck with a knife, inflicting a wound about one inch in depth. After striking Humble, the defendant ran, but was caught and beaten by others who were present. The knife was found outside of the mine gate, and was afterwards identified by defendant as the knife with which he cut Humble.

Instruction No. 10 was excepted to because it did not "fully and completely state the law of self-defense," and the

same objection is made to instruction No. 11. It is urged by appellant that those instructions "do not show the jury as to the quantum of the burden of proof that was placed upon the defendant by his invoking self-defense." No other fault is found with the instructions. If additional instructions were desired, they should have been requested in due time by defendant.

It is insisted, however, that the court erred in not giving the following instruction, which, by inadvertence of appellant's counsel, was not delivered to the court until after the jury had retired:

"You are instructed that a person has a right to fight in his necessary self-defense, and to take the life of his assailant, if he believes, in good faith, that it is necessary for him to do so in order to prevent great bodily harm or death at the hands of his assailant. If the evidence on this point was such as to raise in your minds a reasonable doubt as to whether or not the defendant acted in good faith, and upon reasonable appearances of danger, or the receiving great bodily harm or death at the hands of his assailant, then the jury should resolve such doubt in favor of the defendant, and find him not guilty."

When his attention was called to the request, the court said it was then too late to give it to the jury, and as that ruling was within the court's discretion no error was committed by the refusal. The court could have recalled the jury and given the instruction requested. Had the instruction been requested in time, it would undoubtedly have been given by the court.

The rule is well established in criminal cases in this jurisdiction that upon a claim and proof of self-defense the defendant, in order to prevail, is not required to establish his claim by a preponderance of the evidence, but is entitled to an acquittal if on the whole evidence the jury entertains a reasonable doubt as to whether or not he acted in self-defense. *State* v. *Kakarikos*, 45 Utah, 470, 146 Pac. 750. If the instruction had been requested in due time and had not been given by the court, such refusal would still, under the evidence as shown by the record, and viewed in the light most favorable to defendant, not have constituted

error prejudicial to the substantial rights of defendant. While the theory of counsel, persistently and strenuously urged, was that of self-defense, it was nevertheless all theory and no evidence, all shadow and no substance.

The other objections though plausibly presented are purely technical; if errors were committed by the court they were unimportant and trivial, and it is apparent that they did not result in a miscarriage of justice.

Appellant had a fair and impartial trial, and the judgment is therefore affirmed.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.