457 P.2d 618

The STATE of Utah, Plaintiff and Respondent,

v.

Pete CASTILLO, Defendant and Appellant.

No. 11447.

Supreme Court of Utah.

July 23, 1969.

Jay V. Barney, Salt Lake City, Legal Defender Assn., for appellant.

Vernon B. Romney, Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice:

Defendant appeals from his conviction upon a jury verdict of the crime of an assault with a deadly weapon, Section 76–7–6, U.C.A.1953. He contends that the trial court committed prejudicial error by its refusal to instruct the jury as to his theory of the case.

Early in the morning, on March 12, 1968, defendant went to the home of his former wife, Caroline Castillo. He was met at the door by Caroline's brother, Santana Gonzales, who, defendant claims, had a stick in his hand. Defendant testified that he just walked into the living room. Defendant was armed with a knife, which he claimed he had brought to defend himself, since he feared that Santana would have a stick. Defendant explained that he had observed the stick under a couch cushion on a previous visit. Caroline described the stick as half a broomstick, which was used as a fire poker.

Defendant conversed with Caroline, while her brother waited on the front porch. The brother entered the home and told Caroline to hurry and phone a cab; she proceeded toward the door. According to Caroline and Santana, defendant pulled out his knife and started toward Santana. Caroline interceded and grabbed the knife. Defendant wrenched the knife from her hands, cutting two of her fingers. Defendant then stabbed her, and she ran from the house. As she left, she observed defendant advancing toward her brother with the knife, and she heard the sound of a stick breaking. There was a struggle between defendant and Santana; the brother was stabbed, and defendant sustained some cuts, including a small puncture wound on his arm, and a large bruise on his forehead.

Defendant testified that Santana hit him from behind with the stick and knocked him to the floor; then Santana came at him with the knife that had been in defendant's pocket. Defendant had no further recollection of the ensuing moments; he merely remembered that he regained possession of the knife and was in a position on top of Santana, who was pleading with defendant not to hurt him any more. Defendant disclaimed all knowledge of Caroline being stabbed and denied that he observed her lying on the lawn outside. Defendant departed in his car and subsequently disposed of the knife, when a police officer approached him. Defendant further admitted that he had beaten Caroline on prior occasions.

Defendant's theory as stated in one of his requested instructions was that at the time of the stabbing of Caroline, defendant was engaged in defending himself against an assault upon his person by Santana and that Caroline in attempting to stop the altercation apparently entered between them and was stabbed as a result of accident or misfortune; and that at no time did the defendant intend to do any harm to Caroline. Defendant further proffered certain instructions involving self-defense, all of which were refused by the trial court.

■ We agree with the general principle that if a person acting in necessary self-defense unintentionally injures a third person, he is not guilty of assault and battery.[1] However, the propriety of an instruction encompassing this principle is necessarily contingent on the applicability of self-defense in the case.

■ Both the State and defendant agree that a defendant is entitled to have a jury instructed on his theory of the case, if there be any substantial evidence to justify giving such an instruction.[2] The ground of contention in the instant action centers on whether defendant presented substantial evidence to support his theory of the case.

In State v. Johnson [3] this court observed that in those cases where a request for instructions on defendant's theory of his case was sustained, defendant's evidence established a state of facts which, if believed by the jury, established adequate provocation, lawful acts on the part of defendant, or other aggravating facts.

In State v. Romero [4] the court evaluated defendant's evidence in the following terms:

* * * A review of the evidence clearly shows that an instruction on self-defense was not warranted.

There is no evidence in the record which would raise a reasonable doubt as to whether the crimes with which appellant was charged were committed in self-defense. The evidence being insufficient to raise such doubt, the tendered instructions on that issue were properly refused. State v. Heisler, 58 N.M. 446, 272 P.2d 660.

■ If the defendant's evidence, although in material conflict with the State's proof, be such that the jury may entertain a reasonable doubt as to whether or not he acted in self-defense, he is entitled to have the jury instructed fully and clearly on the law of self-defense. Conversely, if

1. 6 C.J.S. Assault and Battery § 92, p. 944; Pittman v. State (Okl.Cr.1954), 272 P.2d 458, 460.
2. State v. Johnson, 112 Utah 130, 141, 185 P.2d 738 (1947); State v. Mosley, 75 N.M. 348, 404 P.2d 304, 308 (1965);

People v. Cummings, 141 Cal.App.2d 193, 296 P.2d 610, 611, 615 (1956).
3. Note 2, supra, at p. 144 of 112 Utah, 185 P.2d 738.
4. 73 N.M. 109, 385 P.2d 967, 969 (1963).

all reasonable men must conclude that the evidence is so slight as to be incapable of raising a reasonable doubt in the jury's mind as to whether a defendant accused of a crime acted in self-defense, tendered instructions thereon are properly refused.

Defendant admits that he barged into his victim's dwelling, a victim whom he had previously beaten. He came armed with a knife in anticipation of trouble, although his sole ground for apprehension was his observation of a stick under a couch cushion on a prior occasion. He claims that he has absolutely no recollection of his victim being stabbed but merely hypothesizes that apparently she sustained wounds to two diverse parts of her body while he was legitimately exercising his right of self-defense.

As this court observed in State v. Talarico,[5]

  \* \* \* While the theory of counsel, persistently and strenuously urged, was that of self-defense, it was nevertheless all theory and no evidence, all shadow and no substance.

The trial court instructed the jury that to convict defendant they must believe from the evidence, beyond a reasonable doubt, that the assault was made without just cause or excuse, or when no considerable provocation appeared, or under circumstances which show an abandoned or malignant heart. The court further instructed the jury:

  To warrant you in convicting the defendant, the evidence must to your minds exclude every reasonable hypothesis other than that of the guilt of the defendant. That is to say, if after an entire consideration and comparison of all the testimony in the case you can reasonably explain the facts given in evidence or any reasonable ground other than the guilt of defendant, you should acquit him.

  After a careful survey of the entire record, we are unable to conclude that the result of this case would have been different had the jury been instructed on the question of self-defense. After a review of all the instructions, we find that they adequately covered every phase of the case raised by the evidence on which the defendant was entitled to have the jury instructed. The judgment of the trial court is affirmed.

TUCKETT and ELLETT, JJ., concur.

CROCKETT, C. J., concurs in the result.

HENRIOD, Justice:

I concur in the main opinion involving this sticky case, and particularly because the defendant was somewhere other than where he could claim his home was his castillo.

5. 57 Utah 229, 234, 193 P. 860, 861 (1920).