The STATE of Utah, Plaintiff
and Respondent,

v.

Brent Leslie DOCK, Defendant
and Appellant.

No. 15503.

Supreme Court of Utah.

Sept. 6, 1978.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., R. Paul VanDam, Salt Lake County Atty., Salt Lake City, for defendant and appellant.

Ronald J. Yengich of Salt Lake Legal Defenders Assn., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant was convicted in the district court of assault by a prisoner. He contends on appeal the judge erred in instructing the jury regarding the required mental state for his crime. We affirm. All statutory references are to U.C.A., 1953, as amended.

Defendant was incarcerated in the Utah State Prison at the time of the incident giving rise to this appeal. Late one night he threw a can at or near a guard making his rounds, and the two exchanged words. Early that morning, two guards entered defendant's cell to transfer him to maximum security. The evidence conflicts as to exactly what then happened, but defendant allegedly assaulted one of the guards with a broken jar. After defendant was subdued, the guard was treated for minor facial cuts.

Defendant was charged with aggravated assault by a prisoner, a felony in the second degree. The jury found defendant guilty of the lesser included offense of assault by a prisoner, a felony of the third degree. The relevant statutory language is as follows:

76–5–102.5. Assault by prisoner.—Any prisoner who commits assault, intending to cause bodily injury, is guilty of a felony of the third degree.

76–5–102. Assault.—(1) Assault is:

(a) An attempt, with unlawful force or violence, to do bodily injury to another; or

(b) A threat, accompanied by a show of immediate force or violence, to do bodily injury to another.

(2) Assault is a class B misdemeanor. 76–2–101. Requirements of criminal conduct and criminal responsibility.—No person is guilty of an offense unless his conduct is prohibited by law and:

(1) He acts intentionally, knowingly, recklessly or with criminal negligence with respect to each element of the offense as the definition of the offense requires . . . . .

The court included among its jury instructions the statutory definitions of assault and assault by a prisoner, quoted above, and the following:

### INSTRUCTION NO. 20

Before you can convict the defendant of the crime of Assault By A Prisoner, the lesser offense included in the crime of Aggravated Assault By A Prisoner charged in the Information on file in this case, you must believe from all of the evidence and beyond a reasonable doubt each and every one of the following elements of that offense:

1. That on or about the 29th day of January, 1977, within the corporate limits of Salt Lake County, the defendant, Brent Leslie Dock assaulted J. Manneh;

2. Said defendant was then and there a prisoner.

### INSTRUCTION NO. 21

You are instructed that in every crime or public offense there must be a union or joint operation of the act and intent. The intent or intention is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused.

As used in these instructions the term intentionally means that an individual does something making it his conscious objective or desire to engage in the conduct or cause the result.

1. *State v. Coleman,* 17 Utah 2d 166, 406 P.2d 308 (1965).

Defendant asserts reversible error was committed because instruction 20 did not include the word "intentionally." The statute under which defendant was convicted requires an assault, "intending to cause bodily injury . . .". Since this is an offense which, under 76–2–101, requires a mens rea to cause bodily injury, the court erred in not including such language in instruction 20. The error, however, is harmless, in view of the court's inclusion of instruction 21 and the statutory language of the offense in another instruction. Taken as a whole, the instructions were sufficient to inform the jury of the necessary mental state required under the statute.[1]

Defendant also contends the court erred by failing to give instructions on self-defense and defense of habitation. The only evidence justifying such instructions was defendant's testimony he was afraid, when the guards came to transfer him to maximum security. No evidence was presented showing the entrance to defendant's cell was unlawful or violent. In *State v. Castillo,*[2] this court held:

. . . if all reasonable men must conclude that the evidence is so slight as to be incapable of raising a reasonable doubt in the jury's mind as to whether a defendant accused of a crime acted in self-defense, tendered instructions thereon are properly refused.[3]

The court did not abuse its discretion in refusing defendant's tendered instructions.

CROCKETT, WILKINS and HALL, JJ., concur.

ELLETT, C. J., concurs in result.

2. 23 Utah 2d 70, 457 P.2d 618 (1969).

3. 457 P.2d at 620.