**STATE of Utah, Plaintiff and Respondent,**

v.

**Charles T. BROWN, Defendant and Appellant.**

**No. 18314.**

Supreme Court of Utah.

Nov. 29, 1984.

Mark A. Besendorfer, Midvale, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his conviction of aggravated kidnapping,[1] urging error in (a) failure of the trial judge to instruct the jury as to self-defense; (b) that simple assault was included in the offense of aggravated kidnapping; and (c) erroneous admission of photographs of the victim.

The defendant, who was married, and a Ms. Kuki had been having an affair during a 2½-year period, having met as employees at Hill Air Force Base. Kuki had told defendant she wanted to end their illicit relationship. One afternoon, Kuki and a male neighbor went to Logan, Utah, to Kuki's mother's home. She was called there several times by defendant to find out when she would return. On her return, she took the neighbor to the neighbor's home. While there, defendant appeared and told the neighbor that, if he did not stop seeing her, defendant would slit his throat.

Kuki thereafter went to her home. After she arrived home, defendant arrived and began to argue about the neighbor. She told defendant she was going to bed and went to her bedroom and locked the door. Defendant broke the door knob off, entered the bedroom, and started slapping her and beating her about the face. He then dragged her by the hair to the front room, where he threw her on a couch and ripped off her blouse and bra. He bit her face, the area around her eyes, and the back of her ears, her back, and her breasts. Kuki finally escaped to the house next door. Defendant followed and began ripping her hair out. The victim again escaped, and defendant followed, dragged her back, and threw her under the kitchen table while kicking her. At one point, defendant threatened to kill her. She eluded defendant twice more, the last time successfully, as she arrived home and locked the door before defendant could get to her. These events lasted for over four hours, when Kuki finally called the police. She had suffered numerous injuries. The defendant was arrested, and he admitted to the officer that he had bitten the victim, claiming, however, that she had bitten him on the lip and pulled his shoulder out of joint. The officer testified he observed no injuries to defendant during the hour he talked with him.

 Shortly after the events stated, a police department secretary took pictures of the victim's bruised body. Enlargements of the pictures were admitted in evidence at trial, and the secretary testified that she took the pictures before they were enlarged. The point on appeal is that they "did not depict the observations of the victim" (apparently meaning to refer to the observations of the secretary who took the original snapshots), they were irrelevant, and their probative value outweighed the prejudice to the defendant. We are of the opinion that the claim was without merit and not inconsistent with our discussion in

1. In violation of U.C.A., 1953, § 76–5–302.

*State v. Garcia*, Utah, 663 P.2d 60 (1983), whose pronouncements control under the facts of this case.

In asserting error for failure to instruct on self-defense, the defendant relies on *State v. Castillo*, 23 Utah 2d 70, 457 P.2d 618 (1969), which states:

> If the defendant's evidence, although in material conflict with the State's proof, be such that the jury may entertain a reasonable doubt as to whether or not he acted in self-defense, he is entitled to have the jury instructed fully and clearly on the law of self-defense. Conversely, if all reasonable men must conclude that the evidence is so slight as to be incapable of raising a reasonable doubt in the jury's mind as to whether a defendant accused of a crime acted in self-defense, tendered instructions thereon are properly refused.

■ The State in response cites and accepts the same case and quotation as supportive of its contention. We are of the opinion that under both the information filed and the facts of this case the trial court did not err in refusing to give the requested instruction. The defendant's claim that the victim was the aggressor is without sufficient support in the evidence to give rise to a reasonable doubt as to whether he acted in self-defense.[2] Therefore, we do not disturb the trial court's ruling.

The defendant also claims that the court erred in failing to give a jury instruction on simple assault as a lesser included offense of the aggravated kidnaping charge. The statutory elements of each offense that are pertinent in light of the evidence in this case are set forth below:

U.C.A., 1953, § 76-5-102. Assault.

(1) Assault is:

(a) An attempt, with unlawful force or violence, to do bodily injury to another; or

(b) A threat, accompanied by a show of immediate force or violence, to do bodily injury to another.

U.C.A., 1953, § 76-5-302. Aggravated Kidnaping.

(1) A person commits aggravated kidnaping when he intentionally or knowingly by force, threat or deceit, detains or restrains another against his will with intent:

. . . .

(c) To inflict bodily injury on or to terrorize victim or another; . . . .

In the recent case of *State v. Baker*, Utah, 671 P.2d 152 (1983), we limited the "necessarily included offense" doctrine, relied upon by the State here, to cases where it is the prosecution that seeks the giving of the instruction. When it is the defendant, however, who requests the instruction, we held in *Baker* that an evidence-based analysis must be used in order to afford the accused the full benefit of the reasonable doubt standard. We determined that two requirements must be met under our statutory system in order for the defendant to be entitled to an instruction on a lesser offense. First, the statutory elements of the offenses must be related in some way; there must be some overlap in the definitions of the two crimes, even though they need *not* meet the totally "included" standard. This comparison of the statutory elements helps in determining whether an offense is an "included offense" under § 76-1-402(3)(a), which provides that an offense is included when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Second, we held that the court must instruct on the lesser offense only if there is some evidence at trial that, if believed by the jury, would provide a "rational basis for a verdict of acquitting the defendant of the offense charged and convicting him of the included offense," U.C.A., 1953, § 76-1-402(4).

---

**2.** *State v. Romero*, 73 N.M. 109, 385 P.2d 967 (1963); *State v. Talarico*, 57 Utah 229, 193 P. 860 (1920); U.C.A., 1953, § 76-2-402.

The first of these two requirements is met in this case, as a comparison of the elements of assault and kidnapping, set forth above, shows. The second element is also satisfied. The defendant testified that Ms. Kuki had started the fight, that his arm had slipped from its socket when he tried to grab her, that she squeezed his arm, and that his only response to that behavior was to bite her, although he also admitted he might have threatened her. We grant that the defendant's testimony may not have appeared particularly credible to the trial judge in light of the other evidence at trial. Nevertheless, we emphasized in *Baker* that questions of credibility and choices between differing versions of the facts belong properly to the jury and that the judge's sole function is to determine whether there is *any* evidence that, if believed by the jury, would permit the jury to acquit the defendant of the greater offense and convict defendant of the lesser. There can be no doubt that, if the jury had accepted the defendant's testimony (however unlikely that might have been), it could have voted to acquit him of aggravated kidnapping and to convict him of assault.[3]

The defendant was entitled to a lesser included instruction on assault under *Baker*, and it was error to refuse the instruction. Therefore, we must vacate his conviction and remand for a new trial.

HALL, Chief Justice: (dissenting).

I do not agree that the trial court erred in not charging the jury on the lesser offense of simple assault.

As was observed, relied upon, and followed in *State v. Baker*,[1] our statute expressly provides:

> The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis

for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.[2]

In the instant case, the evidence is clear that the defendant intentionally restrained his victim against her will and that he violently inflicted bodily injury upon her. He administered several brutal beatings, dragged her by the hair, and left her lying almost lifeless. Nevertheless, she struggled and was able to escape more than once. Therefore, it is not to be said that there is any *rational* basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the lesser offense of simple assault, which only encompasses an *attempt* or *threat* to do bodily harm.[3] Defendant's contention to the contrary is wholly frivolous.

I would affirm the conviction and judgment of the trial court.

HOWE, J., concurs in the dissenting opinion of HALL, C.J.

---

**3.** In fact, the evidence raises the question as to why the defendant was not charged with aggravated assault under U.C.A., 1953, § 76–5–103; instead of aggravated kidnapping, because the evidence adduced by the State seems to fit that crime more logically.

