The STATE of Utah, Plaintiff
and Respondent,

v.

John Francis McKENNA, Defendant
and Appellant.

No. 860158.

Supreme Court of Utah.

Oct. 30, 1986.

---

Debra K. Loy, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Kimberly Hornak, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his conviction of two counts of aggravated assault, assigning as error (1) the court's refusal to instruct the jury concerning his theory of defense, and (2) an abuse of discretion in committing him to prison instead of placing him on probation.

Defendant was estranged from his wife in 1985 when she moved out of his house in Lakepoint, Utah. Approximately four months prior to the assault, she rented and moved into her own apartment, where she lived with her four children. Defendant continued to live in his home at Lakepoint and planned to obtain a divorce, having reached settlement terms with her.

Early on the morning of August 21, 1985, defendant went to his wife's apartment. Upon learning that she had spent the night with another man, he returned with a gun and entered her apartment. Enraged, defendant threatened the man, kicked and beat him, and chased him out of her apartment. When she angrily objected and ordered defendant to leave, he inflicted a severe physical beating upon her, including shooting her in the shoulder. He was convicted of the aggravated assault of both his wife and her companion. U.C.A., 1953, § 76–5–103, as amended (1978 ed.).

■ At trial, defendant argued that his armed assaults were justified because he acted in defense of habitation.[1] He now claims that the trial court erred in refusing to give his proffered instruction regarding this defense. A defendant is entitled to have the jury instructed on his theory of the case only when there is a reasonable basis in the evidence to support the elements of the defense. The burden is upon the defendant to show that substantial evidence was presented in support of the refused instruction sufficient to raise in the minds of the jurors a reasonable doubt as to the defendant's guilt. *State v. Noren*, 704 P.2d 568, 571 (Utah 1985). If the evidence is so slight as to be incapable of raising any reasonable doubt in the jury's mind as to whether defendant acted in defense of his habitation, then the tendered instruction was properly refused. *State v. Castillo*, 23 Utah 2d 70, 457 P.2d 618 (Utah 1969); *State v. Harding*, 635 P.2d 33, 34 (Utah 1981).

Section 76–2–405 may justify the use of force by a person to protect his or her habitation:

A person is justified in using force against another when and to the extent that he reasonably believes that the force is necessary to prevent or terminate the other's unlawful entry into or attack upon his habitation; however, he is justified in the use of force which is intended or likely to cause death or serious bodily injury only if:

(1) The entry is made or attempted in a violent and tumultuous manner and he reasonably believes that the entry is attempted or made for the purpose of assaulting or offering personal violence to any person, dwelling or being therein and that the force is necessary to prevent the assault or offer of personal violence; or

(2) He reasonably believes that the entry is made or attempted for the purpose of committing a felony therein and that such force is necessary to prevent the commission of the felony.

U.C.A., 1953, § 76–2–405, as amended (1978 ed.). A review of the testimony at trial fails to disclose any evidence that would support defendant's attempt to rely upon this statutory defense. We reject what would seem to be the gravamen of defendant's argument: that this statute justifies his own uninvited, forcible entry into some-

---

1. As statutorily defined in U.C.A., 1953, § 76–2– 405, as amended (1978 ed.).

one else's home and his felonious attack upon its rightful inhabitants.

In *State v. Mitcheson*, 560 P.2d 1120 (Utah 1977), we held that the purpose of section 76–2–405 was to protect and preserve the privacy and peace of one's home. In view of this salutary purpose, we stated that the statute should be applied in a broad sense to accomplish that purpose. Therefore, the habitation which a person defends may include that person's residence or the home of another where that person is a guest.

It is undisputed that the apartment was the home of Mrs. McKenna and not defendant. He testified that he lived in his Lakepoint home and not in the apartment. By his own admissions, his prior appearances at the apartment were in the nature of visits only. Whether occasional or frequent, his appearances at the apartment to visit his children gave him no proprietary right or justification to consider or treat the apartment as his own "habitation." We recognize that on some prior occasions, he had been allowed to sleep in the apartment as a guest of Mrs. McKenna. He had even stayed a few days to care for the children while she was out of town on a work assignment. However, he admitted that he left the apartment at her request, no longer stayed there, and did not consider it his apartment. His prior status as a sometimes-invited guest permitted no assumption that he could come and go at his pleasure.

Defendant had no right or permission to enter the apartment on the morning of August 21st. His angered violence against his wife, accompanied by his threats, commenced after she demanded that he leave. He cannot claim that his vicious attacks were carried out to defend *his* habitation or that he was, in any sense of the term, a "guest" in Mrs. McKenna's apartment. Although defendant was not a guest in Mrs. McKenna's home that morning, her overnight companion was. He was not an intruder, but was lawfully present in her home. No attack against him was justified by section 76–2–405. The trial court did not abuse its discretion in refusing defendant's proposed instructions. *State v. Dock*, 585 P.2d 56, 57 (Utah 1978); *cf. State v. Talarico*, 57 Utah 229, 193 P. 860 (1920); *State v. Castillo, supra.*

Defendant finally contends that the trial judge improperly considered defendant's long list of arrests in imposing concurrent sentences of up to five years' imprisonment for the third degree felonies. He asserts that because many of his arrests did not result in convictions, he was prejudiced by the judge's consideration of them and should have received probation. A trial judge exercises broad discretion in the imposition of sentence. *State v. Peterson*, 681 P.2d 1210, 1219 (Utah 1984). We find that the sentence was proper and well within the discretion of the trial court. U.C.A., 1953, § 76–3–201, as amended (1978 ed.); *State v. Lee*, 656 P.2d 443 (Utah 1982); *State v. Clark*, 632 P.2d 841, 844 (Utah 1981). Defendant's view that the trial judge was unduly influenced by defendant's arrest record is purely speculative, particularly in light of the unanimous recommendations of the prosecutor and the Departments of Corrections and Adult Probation and Parole that defendant receive a prison sentence. Furthermore, in view of his use of the gun, a more severe penalty might have been imposed. *See* U.C.A., 1953, §§ 76–3–203(3), 76–3–401, as amended (1978 ed.). Defendant fails to show any abuse of discretion in his sentence.

Defendant's convictions and sentence for aggravated assault are affirmed.