**STATE of Utah, Plaintiff and Appellee,**

v.

**James KELLY, Defendant
and Appellant.**

**No. 870155.**

Supreme Court of Utah.

Sept. 23, 1988.

Rehearing Denied Oct. 20, 1988.

Nathan Hult, Logan, for defendant and appellant.

David L. Wilkinson and Kimberly K. Hornak, Salt Lake City, for plaintiff and appellee.

HALL, Chief Justice:

Defendant was convicted of rape of a child, a first degree felony, in violation of Utah Code Ann. § 76–5–402.1 (Supp.1988), and sentenced to a minimum mandatory term of ten years in the Utah State Prison. Defendant filed a motion for review of the minimum mandatory sentence, followed by a notice of appeal. Thereupon, the trial court denied defendant's motion for review of the sentence, concluding that it was without jurisdiction since an appeal had been filed.

On appeal, defendant challenges the sufficiency of the evidence to support the conviction of rape and also contends that the trial court abused its discretion in declining to impose the lesser mandatory term of five years.

The facts adduced at trial are as follows. During the month of August 1986, the child victim was visiting in her father's home, which he shared with defendant, his brother. On two occasions, the victim was asleep on the floor in her uncle's bedroom and was awakened to find him engaged in sexual contact with her. During one incident, the victim awoke to find herself on top of defendant with her nightgown pushed up and her underwear down. Defendant's shorts were down, and he inserted his finger into her vagina and then guided his penis into her vagina. The incident lasted for about ten minutes and caused her to experience pain.

The victim promptly wrote her mother about the incidents, and her testimony was corroborated by a peace officer who interviewed the victim shortly after the event. He testified that the victim told him that defendant held his penis and guided it into her vagina. Defendant testified on direct examination that there was no penile penetration, but on cross-examination he testified that he had told the police prior to trial that if there was penile penetration, he did not remember it.

The transcript of the preliminary hearing was received in evidence at trial. The victim's testimony at that time was that she was not certain whether defendant's finger or his penis was inside her vagina when she felt pain. Defendant relies upon this difference in the victim's testimony to support his contention that the evidence at trial was insufficient to convict him of rape of a child.

█ The standard of review in a case tried to the court without a jury is that set forth in rule 52(a), Utah Rules of Civil Procedure, which provides that the court's findings of fact shall not be set aside unless clearly erroneous and all due deference must be given to the trial court's determination of the credibility of witnesses.[1] Application of that standard prompts the affirmance of the trial court on the sufficiency-of-the-evidence issue. The victim was positive in her testimony at trial that defendant did in fact insert his penis into her vagina; she related the events of the rape to her mother by letter as soon as she could; the positioning of her body with defendant's body and the disarrangement of their clothing were consistent with an act of penile and not digital penetration; and there was no apparent motivation to lie about the rape. Also, defendant's testimony was not merely that it did not happen, but rather that he had previously stated that if it did, he could not remember it. Based on these facts, the court did not err in weighing the credibility of the victim and basing its conviction on her testimony.

█ Turning now to the remaining point on appeal, that the court abused its discretion in not imposing the minimum mandatory prison term of five years rather than the middle mandatory term of ten years, it is necessary to recount the circumstances as they existed at the time of sentencing. Notwithstanding the fact that defendant's psychological evaluation had not been received, defendant proceeded with the sentencing hearing. He did so because of the presence of various family members who had traveled from out of the state to attend that hearing. Defendant sought a minimum sentence of five years based upon four mitigating factors: (1) defendant lacked any prior history of committing sexual offenses; (2) he cooperated with law

---

1. *State v. Ashe,* 745 P.2d 1255, 1258 (Utah 1987).

enforcement; (3) he had strong family support; and (4) he was a good candidate for a recognized treatment program. The State urged as aggravating factors the vulnerability of the victim, her relationship as defendant's niece, and the fact that defendant had engaged in sexual conduct with her on two occasions. On March 27, 1987, the court imposed the middle mandatory sentence of ten years. Thereafter, on April 8, 1987, defendant received the report of the treatment center and, on April 9, 1987, filed a motion for review of sentence, attaching a copy of the psychological evaluation, which is now a part of the court file.

Defendant filed his notice of appeal on April 24, 1987, before his motion to review the sentence was heard. Thereafter, on May 11, 1987, the court sua sponte "denied" said motion for the stated reason that the court had been deprived of jurisdiction by virtue of defendant's having filed a notice of appeal to this Court.

Neither party has briefed the issue as to what effect the filing of the motion to review the sentence had upon the finality of the judgment or whether the filing of the notice of appeal in fact deprived the trial court of further jurisdiction. For purposes of this case, we therefore assume, without deciding, that the trial court correctly concluded that it was deprived of jurisdiction by virtue of the notice of appeal that was filed on April 24, 1987. As such, it was without jurisdiction to rule on defendant's motion to review sentence, and the same is still pending.

In light of the particular procedural circumstances of this case, we remand for the purpose of permitting the trial court to duly consider defendant's motion to review sentence in light of the psychological evaluation attached thereto.

HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.