STATE of Utah, Plaintiff and Appellee,

v.

James KELLY, Defendant
and Appellant.

No. 890117.

Supreme Court of Utah.

Nov. 29, 1989.

Nathan Hult, Logan, for defendant and appellant.

R. Paul Van Dam, Barbara Bearnson, Salt Lake City, for plaintiff and appellee.

DURHAM, Justice:

Defendant James Kelly entered a plea of guilty to the charge of sexual abuse of a child and was convicted, following a bench

trial, of the offense of rape of a child. On March 27, 1987, he was sentenced to a one- to fifteen-year term on the sexual abuse charge and a minimum mandatory ten-year term for the rape, the terms to run concurrently. On this appeal, defendant argues that the trial court abused its discretion in sentencing him to a minimum mandatory term of ten years rather than five years on the rape charge. He claims that the trial court failed to correctly apply the standards regarding aggravating and mitigating circumstances set forth by the Judicial Council. Utah Code Ann. §§ 76–5–402.1, 76–3–201(5)(a)–(e) (Supp.1989). We affirm.

This is the second time this case comes before us. After defendant's conviction of sexual abuse and rape of an eleven-year-old child, this Court held in defendant's first appeal that the evidence presented at trial was sufficient to sustain the rape conviction. We did not rule, however, on defendant's additional claim that the trial court had abused its discretion in imposing the minimum mandatory ten-year term required by statute. Instead, the case was remanded to the trial court for consideration of defendant's pending motion to review sentence. *State v. Kelly,* 770 P.2d 98 (Utah 1988), *reh'g denied* Oct. 20, 1988.

At defendant's original sentencing hearing in March 1987, the trial court considered the testimony of defendant and members of his family, the presentence report prepared by Adult Probation and Parole, the record in the case, and statements regarding aggravation and mitigation offered by both the State and defendant, all as required by Utah Code Ann. § 76–3–201(5)(c) (Supp.1989).[1] Section 76–3–201(5)(a) requires "imposition of the term of middle severity unless there are circumstances in aggravation or mitigation of the

crime." In the presence of aggravating and mitigating circumstances, the court must identify and weigh all circumstances when sentencing, even if the sentence is the middle mandatory term. *State v. Bell,* 754 P.2d 55, 60 (Utah 1988).[2]

The presentence report prepared by Adult Probation and Parole recommended a ten-year prison term, noting the victim's vulnerability as an aggravating circumstance and, as a mitigating factor, defendant's substance abuse. Defendant's counsel requested a minimum mandatory five-year sentence based on four claimed mitigating factors: (1) defendant had no prior history of this type of offense; (2) defendant cooperated with law enforcement; (3) defendant was an incest offender with strong family support; and (4) defendant was a good candidate for a recognized treatment program. The State requested a minimum mandatory ten-year sentence based on the victim's vulnerability and the fact that the offense was not a single event, but one that had occurred on two separate occasions.

The Utah Code provides, "The court in determining a just sentence shall be guided by sentencing rules regarding aggravation and mitigation promulgated by the Judicial Council." Utah Code Ann. § 76–3–201(5)(e) (Supp.1989). Form 2 of the Utah Sentence and Release Guidelines, entitled "Aggravating and Mitigating Circumstances Associated with Mandatory Sentences Required by H.B. 209," states, "The responsibility to weigh aggravating and mitigating circumstances in each case rests with the individual judge." The record of defendant's sentencing hearing indicates that the judge found that the mitigating circumstances did not outweigh the aggravating ones.[3]

---

1. Defendant claims that the trial court inappropriately considered the age of the victim as an aggravating factor when sentencing. Defendant is correct when he argues that the age of the victim cannot be considered as an aggravating factor since it is an element of the crime. Utah Code Ann. § 76–5–402.1 (Supp.1989). However, the trial judge did not consider the victim's age as an independent aggravating factor, but only as part of his determination of the vulnerability of the victim.

2. As noted in the dissenting opinion in *Bell,* *State v. Egbert,* 748 P.2d 558 (Utah 1987), is now the law and we follow it. 754 P.2d at 60.

3. Utah Code Ann. § 76–3–201(6)(b) (Supp.1989) provides: "The court shall state the reason for the sentence choice on the record at the time of sentencing. The court shall also inform the defendant as part of the sentence that if the defendant is released from prison, he may be on parole for a period of ten years." We note that although the trial court failed to inform defen-

On February 13, 1989, after our decision in defendant's first appeal, a hearing was held to consider defendant's motion to review sentencing in light of the psychological evaluation prepared by the Intermountain Sex Abuse Treatment Center (ISAT), which had not been received by the trial court at the time of the original sentencing hearing. The court stated that the ten-year sentence would remain in effect because there was nothing in the ISAT evaluation showing additional mitigating circumstances sufficient to reduce the sentence previously imposed, nor was there anything in the evaluation that altered the aggravating circumstance of the victim's extreme vulnerability.

In this jurisdiction, it is the settled rule that the sentence imposed is within the discretion of the trial court, so long as the sentence does not exceed the prescribed statutory limits or the judge's authority. *State v. Lovell,* 758 P.2d 909 (Utah 1988); *State v. McKenna,* 728 P.2d 984 (Utah 1986); *State v. Peterson,* 681 P.2d 1210 (Utah 1984); *State v. Clark,* 632 P.2d 841 (Utah 1981). We will reverse only for abuse of that discretion. *Fernandez v. Cook,* 783 P.2d 547 (1989). We are not persuaded in this case that the sentence imposed was abusive and therefore affirm the judgment of the trial court.

HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.

HALL, C.J., concurs in the result.

dant of the possibility of a ten-year period of parole, no issue respecting that failure has been raised on appeal, and it appears to be irrelevant to the issues that have been raised.